**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-1703**

───────────────

CLAUDIA GUADALUPE RUIZ HERNANDEZ; BRITANNYC FLORES RUIZ;
K.G.F.R.,

        Petitioners,

    v.

PAMELA JO BONDI, Attorney General,

        Respondent.

───────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────────

Submitted: April 10, 2025                       Decided: April 14, 2025

───────────────

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Petition denied by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Mark J. Devine, Charleston, South Carolina, for Petitioners. Brian Boynton, Principal Deputy Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Sheri R. Glaser, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claudia Guadalupe Ruiz Hernandez (Ruiz), her adult daughter, Brittanyc Flores Ruiz, and Ruiz's minor daughter, K.G.F.R.,[1] are natives and citizens of Mexico (collectively, "Petitioners"). They petition for review of an order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's oral decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

The Board held that Petitioners waived review of the immigration judge's alternative, merits-based rulings by failing to address those aspects of the immigration judge's decision in their administrative appeal brief. Because those rulings were independently dispositive of the applications for asylum and withholding of removal, the Board declined to reach the issues that Petitioners did raise in the administrative appeal, which challenged the immigration judge's rulings that the advanced proposed social groups were not cognizable and that there was insufficient evidence to establish the nexus element of their claims, and affirmed the immigration judge's denial of relief on the alternative bases. Petitioners do not address these aspects of the Board's decision in their brief in this court. Accordingly, we hold that these issues are forfeited. *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs); *see also*

---

[1] Ruiz's minor daughter was a rider on her asylum application, *see* 8 U.S.C. § 1158(b)(3), and is identified as a petitioner in this court by her initials.

2

*Grayson O Co. v. Agadir Int'l, LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)).  And while Petitioners present extensive arguments related to the immigration judge's ruling regarding the cognizability of the proposed groups and the lack of sufficient evidence to establish nexus, those arguments are not properly before us for review because the Board specifically declined to address those aspects of the immigration judge's ruling and, thus, did not rely on that rationale to affirm the order of removal.[2]  *See Arita-Deras v. Wilkinson*, 990 F.3d 350, 356 (4th Cir. 2021) (explaining that, "[w]hen the Board adopts the analysis used by the IJ [and] supplements it with its own reasoning, we review both decisions," but that "we limit our consideration of the IJ's [decision] to the portions that have been adopted and incorporated into the Board's decision" (internal quotation marks omitted)).

Finally, Petitioners assign error to the denial of CAT relief.  Although the immigration judge denied CAT relief on the merits, the Board held that Petitioners waived administrative review of the immigration judge's rationale by failing to meaningfully challenge the related rulings on appeal.  Thus, we agree with the Attorney General that those issues are not exhausted because Petitioners did not raise them on appeal to the Board and, as such, they are not properly before this court.  *See Tepas v. Garland*, 73 F.4th 208,

---

[2] Petitioners also contend that the lack-of-cognizability ruling related to the proposed particular social groups should be reconsidered after *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), but we conclude that agency remand is unnecessary because the Board did not rely on the non-cognizability ruling to affirm the denial of relief.

3

213 (4th Cir. 2023) (observing that, although 8 U.S.C. § 1252(d)(1) "is not jurisdictional," it "remains a mandatory claim-processing rule").

Accordingly, we deny the petition for review. *See In re Ruiz Hernandez* (B.I.A. July 3, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*